# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE MASTERS, individually and on behalf of others similarly situated<br><br>    Plaintiffs,<br>v.<br><br>AT&T Mobility LLC,<br><br>    Defendant. | **Civil Action No.:**<br><br>**Class Action**<br><br>**JURY TRIAL DEMANDED**<br><br>**Electronically Filed** |

## COMPLAINT

Plaintiff Wayne Masters ("Masters" or "Named Plaintiff"), individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. Named Plaintiff brings this action on behalf of himself and others similarly situated against AT&T Mobility LLC (formerly known as Cingular Wireless LLC) (collectively, "AT&T") pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA").

2. Named Plaintiff and the class he seeks to represent are or were AT&T employees, as defined by the FLSA, who have held "staffing coordinator" positions, or positions with similar job responsibilities, including "corporate recruiter." The term "employee" as used herein is as defined under the FLSA. See 29 U.S.C. 203(e)(1)).

3. Named Plaintiff seeks to recover unpaid wages and overtime compensation, as well as an additional equal amount of liquidated damages and reasonable attorney fees.

4. Named Plaintiff seeks certification of the following class of persons ("Class") who elect to opt into this action:

> All non-exempt hourly AT&T Mobility LLC employees, as that term is defined in the FLSA, who were, are, or will be employed as a corporate recruiter and/or staffing coordinator and/or in a position with similar job responsibilities during the period of three years prior to the commencement of this action through the date of judgment of this action who were not paid for all hours worked and/or were not paid time and one-half for all hours worked over 40 hours a week.

## THE PARTIES

5. Named Plaintiff Wayne Masters is an adult who resides in Allegheny County, Pennsylvania.

6. AT&T employed Masters as a Regional Corporate Recruiter/Staffing Coordinator from May 9, 2007 through November 30, 2007. Masters was responsible for recruiting workers to staff AT&T retail outlets in Pennsylvania, Ohio, Illinois, and Wisconsin.

7. Masters has consented in writing to be a plaintiff in this action pursuant to 29 U.S.C. § 216(b). His consent is attached hereto as Exhibit A.

8. Upon information and belief, AT&T corporate recruiters and staffing coordinators live and work in locations throughout the United States.

9. AT&T Mobility LLC is a Delaware corporation and has its corporate headquarters in Atlanta, Georgia.

10. According to its website, AT&T is the largest wireless carrier in the United States with more than 70 million subscribers.

11. While AT&T contracts with one or more staffing agencies to hire and pay many of the employees who work or have worked as corporate recruiters and staffing coordinators for AT&T retail operations, AT&T has at all times maintained control, oversight, and direction over those persons and they are in fact employees of AT&T.

12. Upon information and belief, AT&T is a domestic corporation doing business within this District.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and pursuant to 29 U.S.C. § 216.

14. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

15. Upon information and belief, at least one member of the proposed class is a citizen of a state different from AT&T. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because AT&T transacts business in this District, including the operation of retail outlets in the Pittsburgh area. In addition, Plaintiff Masters was hired by and worked for AT&T in this District.

## FACTUAL ALLEGATIONS

16. In about May 2007, Plaintiff Wayne Masters applied for a job as Regional Corporate Recruiter/Staffing Coordinator with AT&T and was interviewed for the position by an AT&T hiring manager.

17. Subsequently, an AT&T representative offered Masters the position, and told him that while he would be supervised by and would work exclusively for AT&T, a staffing agency named Spherion would be deemed his employer.

18. On May 9, 2007, Masters began working for AT&T His duties included coordinating job fairs, open houses and interviews, in order to recruit employees to staff AT&T retail outlets in Western Pennsylvania, Ohio, Illinois and Wisconsin.

19.     At the end of every work week, Masters recorded his hours into an AT&T computer database.  Although Spherion issued Masters' paychecks, AT&T was solely responsible for approving his time records.

20.     At all relevant times, Masters was paid on an hourly basis.

21.     During each of his first several work weeks on the job, Masters was required to work many hours beyond 40 hours per work week.  Each week he recorded the actual number of hours he worked into the AT&T database and Spherion issued his pay check, which compensated him at time and half pay for overtime work.

22.     Masters continued to work in excess of 40 hours per week after June 29, 2007.  However, after that date, AT&T failed to pay or authorize Spherion to pay Masters for the overtime that he earned and was entitled to.

23.     AT&T changed its database so that Masters, and persons similarly situated, were unable to enter hours the hours that they worked in excess of 40 per work week.

24.     AT&T's refusal to authorize payment for all of the hours that Masters and other Class members worked each work week, as well as its failure to keep accurate payroll records with respect to Masters and other Class members was part of a policy, pattern and practice of denying overtime pay to Class members.  Masters continued to work in excess of 40 hours per week after June 29, 2007.  However, after that date, AT&T failed to pay or authorize Spherion to pay Masters for the overtime that he earned and was entitled to.

## CLASS ACTION ALLEGATIONS

25.     Pursuant to 29 U.S.C. § 216(b), Named Plaintiff brings this collective action on behalf of himself and the following opt-in class:

All non-exempt hourly AT&T Mobility LLC employees, as that term is defined in the FLSA, who were, are, or will be employed as a corporate recruiter and/or staffing coordinator and/or in a position with similar job responsibilities during the period of three years prior to the commencement of this action through the date of judgment of this action who were not paid for all hours work and/or were not paid time and one-half for all hours worked over 40 hours a week.

26. The size of the class, which consists of over 100 persons, is so numerous that joinder of the individual members would be impracticable.

27. Plaintiff Masters is an adequate class representative because AT&T's actions have a direct impact on him. The interests of the Plaintiff Masters are not antagonistic to, or in conflict with, the interests of the class as a whole.

28. The attorneys representing the Class are experienced in representing clients in federal employment litigation, including class actions.

29. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. whether AT&T has failed to keep true and accurate time records for all hours worked by Named Plaintiff and the Class;

   b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   c. whether AT&T has failed and/or refused to pay Named Plaintiff and the Class overtime pay for hours worked in excess of 40 hours per work week;

   d. the nature and extent of Class-wide injury and the appropriate measure of damages for the class;

   e. whether AT&T has a policy of failing to pay workers for time that they work;

   f. whether AT&T's policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

   g. whether AT&T failed to compensate Named Plaintiff and the Class for all work AT&T required and/or suffered or permitted them to perform; and

Case 2:08-cv-00237-LP Document 1 Filed 03/06/2008 Page 5 of 10

  h.  whether AT&T calculated and compensated Named Plaintiff and the Class correctly for hours worked in excess of 40 per workweek.

  30.  The claims of the Named Plaintiff are typical of the claims of the Class because all Class members and the Named Plaintiff are similarly affected by AT&T's conduct.

  31.  AT&T has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory and injunctive relief with respect to the Class as a whole.

  32.  Common questions of law or fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

  33.  The Named Plaintiff is similarly situated to the Class members in terms of job responsibilities, title, and employment dates.  The Named Plaintiff and members of the Class all are or were recruiters who provide or provided services to AT&T and were denied compensation for all the time that they worked and/or overtime.

  34.  AT&T has acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

  35.  The Named Plaintiff will fairly and adequately represent and protect the interests of the Class.  The Named Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Class to represent their interests fairly and adequately.  The Named Plaintiff recognizes that as a class representative, he must represent and consider the interests of all members of the Class just as he would represent and consider his own interests.  The Named Plaintiff understands that in decisions he makes regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Class members.  Named Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class as a whole.  Named Plaintiff

6

understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

36. A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Class have been damaged and are entitled to recovery as a result of AT&T's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Class members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about AT&T's practices.

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act**
**(Brought on behalf of Named Plaintiffs and the Class)**

37. The Named Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38. At all relevant times, AT&T was an "employer" as defined under the FLSA, 29 U.S.C. § 203(d).

39. AT&T is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Named Plaintiff and members of the Class were or are employees within the meaning of Section 3 of the FLSA, 29 U.S.C. § 203.

41. At all relevant times, Named Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

42. The overtime wage provisions set forth in the FLSA apply to AT&T.

43. AT&T has engaged in a widespread pattern and practice of violating the FLSA.

44. AT&T has failed to pay Named Plaintiff and the Class the wages and overtime wages to which they were entitled under the FLSA.

45. AT&T's violations of the FLSA have been willful and intentional.

46. AT&T has not made a good faith effort to comply with the FLSA with respect to its compensation of Named Plaintiff and the Class.

47. Because AT&T's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

48. As a result of AT&T's violations of the FLSA, Named Plaintiff and the Class have suffered damages by being denied wages and overtime wages in accordance with the FLSA.

49. As a result of the AT&T's unlawful acts, the Named Plaintiff and the Class have been deprived of overtime compensation and other wages in amounts to be determined, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

50. The records concerning the number of excess hours worked by the Named Plaintiff and the Class and the compensation they received are in the exclusive possession and control of AT&T and its agents. Named Plaintiff thus is unable to state at this time the exact amount owing to Named Plaintiff and the Class. Named Plaintiff proposes to obtain such

Case 2:08-cv-00237-LDD Document 1 Filed 03/06/2008 Page 8 of 10

information through appropriate discovery proceedings in this case. Named Plaintiff will then

amend the complaint to more specifically set forth the amounts due.

## PRAYER FOR RELIEF

**WHEREFORE,** Named Plaintiff, individually and on behalf of the Class,

pray for the following relief:

- A. That, at the earliest possible time, Named Plaintiff be granted leave to discover from Defendant the names and mailing addresses of all potential members of the Class and to provide them written notice of this collective action. The notice will inform Class members that this civil action has been filed, explain the nature of the action, and advise Class members of their right to join this lawsuit if they believe they were denied proper wages.

- C. Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

- D. Certification of this case as a class action pursuant to 29 U.S.C. § 216(b);

- E. Designation of Named Plaintiff as representatives of the Class, and counsel of record as Class Counsel;

- F. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

- G. Pre-judgment interest;

- H. Attorneys' fees and costs of the action; and

- I. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted,

Dated: March 6, 2008               s/Edward J. Feinstein
                                   Edward J. Feinstein (PA ID No. 29718)
                                   efeinstein@stemberfeinstein.com
                                   Stephen M. Pincus (PA ID 88976)
                                   spincus@stemberfeinstein.com
                                   STEMBER FEINSTEIN DOYLE &
                                        PAYNE, LLC
                                   1705 Allegheny Building
                                   429 Forbes Avenue
                                   Pittsburgh, PA  15219
                                   (412) 281-8400 Tel.

*Attorneys for the Plaintiff Wayne Masters,
individually and on behalf of others similarly situated*